NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GENSCRIPT CORPORATION AND YUN YANG,<br><br>     Plaintiffs,<br><br>       v.<br><br>AA PEPTIDES, LLC a/k/a AAPPTEC, a/k/a AAPPTECH, a/k/a Advanced Automated Peptide Protein Technologies, a/k/a APPTECH,<br><br>     Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 9-CV-4489 (DMC-JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon motion by to transfer venue and upon motion to dismiss by AA PEPTIDES, LLC a/k/a AAPPTEC, a/k/a AAPPTECH, a/k/a Advanced Automated Peptide Protein Technologies, a/k/a APPTECH ("Defendant") pursuant to 28 U.S.C. § 1404 and Fed. R. Civ. P. 12(b)(6), (7), respectively. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the decision of this Court that Defendant's motion to transfer is **granted** and Defendant's motion to dismiss is **denied** as moot.

## I.   BACKGROUND

GenScript Corporation ("Plaintiff" or "GenScript") is a corporation organized under the laws of Delaware with a principal place of business in Piscataway, New Jersey. Yun Yang ("Plaintiff") is a citizen of the People's Republic of China and an employee of Nanjing Jinsite Technology Co.

("Jinsite"), a non-party incorporated under the laws of the People's Republic of China with a principal place of business in China.  Jinsite, formerly a wholly owned subsidiary of Plaintiff GenScript, is presently affiliated with and kin to GenScript under a single parent company. GenScript and Jinsite have identical boards of directors.

Defendant designs, manufactures and sells peptide synthesizers, including model Apex 396 DC FW-S (the "first Apex 396"). On August 17, 2007, GenScript ordered and purchased an Apex 396 peptide synthesizer from Defendant.  In approximately October 2007, Defendant installed the Apex 396 at Jinsite in China. Defendant asserts that the first Apex 396 machine, manufactured and tested in Kentucky, was delivered to China where Jinsite employees were trained in the use of the Apex 396 by Defendant's employees from Kentucky.

Plaintiffs assert that "[a]fter installation the machine malfunctioned and was defective.  It could not deliver results set forth in the specifications of the apex® DC FW-S operator's manual." Plaintiffs further assert after multiple attempts at repair, Defendant replaced the defective machine with a new machine in October 2008.  Defendant acknowledges that "in or around October 2008 AA Peptides replaced the original Apex 396 with a new Apex 396 (the "second Apex 396" or "Apex 396").

As of July 2008, Plaintiff Yang was the single individual responsible for maintaining and operating the Apex 396 machines.  Plaintiffs assert that no other Jinsite employee operated the Apex 396 machines after July 2008.  On December 18, 2008, while Plaintiff Yang was operating the Apex 396 machine, the machine allegedly exploded.  As a result, Plaintiff Yang suffered physical injury.

Plaintiffs assert that all relevant documents and records with respect to Plaintiffs are located

in New Jersey.  Plaintiff also asserts that "Zhang who has most knowledge about the purchase and dealings with AA Peptides resides in New Jersey."  Further, Plaintiff Yang who is located in China will testify in New Jersey.

Defendant asserts that the Apex 396 machines were entirely manufactured and tested in Louisville, Kentucky.  Further, "[a]ll documents and records of AA Peptides pertaining to the Apex machines are located in Kentucky."  Additionally, Defendant asserts that "all records of AA Peptides concerning the sale, installation of the subject Apex 396 machines delivered to Nanjing Jinsite, and the training received by Nanjing Jinsite's employees, are located in Kentucky" along with key witnesses.

## II.   LEGAL STANDARD

A.   Motion to Transfer

Pursuant to Section 1404, "a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404.  "A court may do so only if the transfer is 'in the interest of justice' and '[f]or the convenience of parties.' Id. "Transfer is only appropriate when the proposed venue is one in which the action might have originally been brought." Green v. Equifax Info., LLC, No. 10-244, 2010 U.S. Dist. LEXIS 41485, at *4 (D.N.J. Apr. 28, 2010). "Thus, the Court must make an initial determination that venue would lie in the proposed forum."  Id.   Pursuant to 28 U.S.C. § 1391, "venue is proper 'in a judicial district where any defendant resides if all defendants reside in the same State [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.'" Although the decision to transfer to an appropriate forum is within the Court's discretion, "it is not liberally granted." Green, 2010 U.S. Dist. LEXIS at *4 (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir.

3

1970)).

    B.    Motion to Dismiss for Failure to State a Claim

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).   "While a complaint attacked  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,  550 U.S. 544, 555 (2007).  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).   "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." Bell at 555-56.

    C.    Motion to Dismiss for Failure to Join an Indispensable Party

Pursuant to Fed. R. Civ. P. 12(b)(7), an action may be dismissed due to the plaintiff's failure to join an indispensable party pursuant to Fed. R. Civ. P. 19.  Rule 19, in turn, provides the standard the Court must employ in determining whether a case may proceed without the joinder of certain persons, and requires that the Court undertake a three-part analysis to evaluate the indispensability of the absent parties. "The Court must decide (1) whether it is necessary that the absent party be joined; (2) whether it is possible for the absent necessary party to be joined; and (3) if joinder of the absent party is not feasible, whether 'in equity and good conscience the action should proceed among

4

the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.'" Fiscus v. ComBus Fin. AG, No. 03-1328, 2007 U.S. Dist. LEXIS 85275, at * 12 (D.N.J. Nov. 20, 2007); Fed. R. Civ. P. 19. "If the party is indispensable, the action therefore cannot go forward." Id. (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993)).

III.   **DISCUSSION**

Defendant moves to transfer this action pursuant to 28 U.S.C. § 1404.  In accordance with 28 U.S.C. § 1391, venue is proper in the Western District of Kentucky given that Defendant resides in Kentucky.  Plaintiffs do not dispute the adequacy of the Western District of Kentucky, but merely the convenience of that forum.  Additionally, Defendant moves to dismiss Plaintiffs' Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for failure to join an indispensable party pursuant to Fed. R. Civ. P. 19.

A.    Motion to Transfer

Courts balance private and public interests in deciding whether to transfer venue under 28 U.S.C. § 1404.  "Factors pertaining to the private interests of the litigants include: the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Windt v. Qwest Communs. Int'l, Inc., 529 F.3d 183, 192 (3d Cir. 2008) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).  Moreover, other recognized  "[p]rivate interests include a plaintiff's choice of forum, a defendant's preference, whether the claim arose elsewhere, convenience of the parties as indicated by their physical and financial condition,

convenience of the witnesses to the extent that they may be unavailable in one forum, and the location of books and records to the extent they could not be produced in alternative fora." Green, 2010 U.S. Dist. LEXIS at *5; see Yocham v. Novartis Pharms. Corp., 565 F. Supp. 2d 554, 557 (D.N.J. 2008).

Public interests include "enforceability of a judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law." Id. (citing Jumara v. State Farm Ins., Co., 55 F.3d 873, 883 (3d Cir. 1995)). Public factors also include the interest in "'having the trial of a diversity case in a forum that is at home with the state law that must govern the case'; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Windt, 529 F.3d at 189 (citing Gulf, 330 at 508-09).

"The party moving to transfer has the burden of persuasion." Market Transition Facility v. Twena, 941 F. Supp. 462, 467 (D.N.J. 1996)(citing Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 609 (3d Cir. 1991)). "A defendant seeking dismissal on *forum non conveniens* grounds must show that the balance of the public and private factors 'tips decidedly in favor of trial in the foreign forum.'" Windt, 529 F.3d at 192 (quoting Lacey v. Cessna Aircraft Co. ("Lacey II"), 932 F.2d 170, 180 (3d Cir. 1991)). "Ordinarily, a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum." Windt, 529 F.3d at 190 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)). "When the plaintiff is foreign, however, this

assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." Id.

      1.      Private Interest Factors

Defendant is a limited liability company organized under the laws of the State of Kentucky with a principal place of business Louisville, Kentucky. The Apex 396 machines were manufactured and tested in Kentucky. Defendant represents that all vital witnesses and evidence are located in Kentucky. Specifically, Defendant asserts that individuals with personal knowledge regarding the sale, installation and servicing of the Apex 396 machines, including the Nanjing Jinsite machine in China, are located in Kentucky. Moreover, all documents concerning the sale, installation and servicing of the Apex 396 machines, including the Nanjing Jinsite machine, are located in Kentucky. Relevant records and operating manuals are located in Kentucky. To the extent that the Apex 396 machine in China has been spoliated, Defendant asserts that a prototype machine may be required, and such a prototype is located in Kentucky. Additionally, Defendant urges that Plaintiff Yang's forum selection should not be accorded deference because Plaintiff Yang is foreign citizen of the Republic of China where the alleged injury arose.

In response, Plaintiffs assert that a plaintiff's forum should be accorded significant weight because Plaintiff GenScript has chosen its home forum and Plaintiff Yang, although a citizen of the People's Republic of China, is an employee of a company closely related to or in fact controlled by GenScript. Further, Plaintiffs assert that the contract was neither formed nor performed in Kentucky and that the location of the explosion was not in Kentucky. Additionally, Plaintiffs assert that Defendant failed to demonstrate that, although witnesses, documents and a prototype Apex 396

machine are located in Kentucky, witnesses and evidence could not be produced in New Jersey without great expense or inconvenience.  Frank Zhang, Chief Executive Officer of Jinsite and GenScript Corporation represents that he is the individual "with the most knowledge about the purchase and dealings with AA Peptides before and after the explosion" and resides in the State of New Jersey.  Mr. Zhang further represents that "all said witnesses, documents, records, and evidence are in possession, custody or control of GenScript and could be produced in the State of New Jersey."  Plaintiff Yang represents that the "whole Apex 396 machine was totally damaged and kept at Jinsite's office as is.  All operating records and minutes are in the possession, custody or control of Jinsite or Genscript."  Further, Plaintiff Yang represents "I have most knowledge and information in Jinsite and GenScript regarding the performance, maintenance, service and operation of the Apex 396 machines including the Apex 396 machine exploded." [sic]

Plaintiff GenScript's forum selection is entitled to deference.  At the same time, as a foreign litigant, Plaintiff Yang's forum selection is not accorded great significance.  Defendant expresses a preference for a Kentucky forum.

Physical evidence of the allegedly defective machine is located in China.  Any training with respect to the allegedly defective machine occurred in China.  All maintenance and repair was performed in China.  Therefore, other than through some alternate medium communication, the possibility of viewing the premises where the alleged injury arose is entirely absent.

"In examining the relative ease of access to sources of proof, and the availability of witnesses, the district court must scrutinize the 'substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant to, the plaintiff's cause of action and to any potential defenses to the

action.'"   Lacey, 862 F.3d at 46.   The present action concerns a breach of warranty claim by Plaintiff GenScript, a product liability by Plaintiff Yang and a negligence claim by Plaintiff Yang. See Plaintiffs' Complaint, ¶¶ 6, 44, *et seq.*, 53, *et seq.* and 60, *et seq.*   Although the contract was formed in New Jersey, given that the alleged injury arose in China, the relative ease of access to sources of proof in New Jersey is limited.   Despite limitations posed by physical distance from the locus of the incident, in Kentucky, witnesses and relevant documents concerning the manufacture and maintenance of the machines at issue, including the Apex 396 that exploded, are available. The claims at issue really turn on the structure and functioning of the Apex 396 machine, therefore, evidence and witnesses located in Kentucky seem integral to the disposition of this matter. Moreover, any on site training in China was performed by prospective Kentucky witnesses.   With respect to witnesses, Defendant's Chief Operating Officer Dr. Hossain Saneii, production technician Darla Wyatt, production engineer Reza Barromand, sales manager Mariam Ghazi, service engineer David Willouby, chemist and quality assurance technician Farshad Karimi all possess personal knowledge concerning the machine at issue and are all located in Kentucky.   The only prospective witness identified by Plaintiffs other than foreign party litigant Yang is Mr. Zhang. Further, Plaintiff Yang along with any physical evidence of the purported explosion is located in China.

"The inability of this Court to compel the live testimony of critical witnesses at trial suggests that transfer is appropriate." In re Consolidated Parlodel Litig., 22 F. Supp. 2d 320, 324 (D.N.J. 1998); see Fed. R. Civ. P. 45 ("a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the . . . trial").   At the same time, it has been recognized that "a court's inability to compel the appearance of witnesses 'does not warrant transfer when witnesses are employees of a party and their

presence can be obtained by that party.'" Id. (citing United States v. Brown University, 772 F. Supp. 241, 243 (E.D. Pa. 1991)).   At this time, it appears that neither party submits to the Court a prospective non-party, non-employee witness.   However, the cost of production of witnesses to Defendant and a prospective prototype Apex 369, including on site technical support, is substantial by comparison to the single New Jersey resident witness identified by Plaintiffs and the foreign litigant, Plaintiff Yang, who elected to litigate in a foreign jurisdiction and as a consequence, will be in a foreign jurisdiction regardless of the forum.

Therefore, private interest factors weigh in favor of Kentucky as the appropriate forum.

2.      Public Interest Factors

Defendant indicates that the underlying warranty agreement requires the application of Kentucky State Law.  Defendant contends that in the interest of avoiding possible conflicts and the convenience of a Kentucky forum applying Kentucky State Law, this case should be transferred.

In response, Plaintiff argues that the application of Kentucky State Law does not require a forum transfer because contract law is the product of traditional common law principles. Specifically, Plaintiff asserts that Defendant has "failed to demonstrate the complexity of Kentucky contract law prohibits New Jersey court to resolve the contract dispute."

"In evaluating the public interest factors the district court must 'consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum.'" Lacey v. Cessna Aircraft Co., 862 F.3d 38, 48 (3d Cir. 1988) (quoting Van Cauwenberghe v. Biard, 108 S. Ct. 1945, 1953 (1988)).  As indicated above, the injurious conduct arose in China as a consequence of a machine manufactured and produced in Kentucky and

subsequently, shipped to China by Defendant, a Kentucky resident.  At the time of the incident, Jinsite, presently not a party in this action, was a subsidiary of Plaintiff GenScript, but after restructuring the entities now exist as individual entities under a parent corporations.  Expediency and cost effectiveness favor Kentucky given that participants in the actual construction and maintenance of the Apex machine at issue are located in Kentucky while individuals involved in the actual operation of the machine were located in China.  Moreover, the application of Kentucky State Law in the instant diversity action favors adjudication before a Kentucky forum.  Notably, the Third Circuit Court of Appeals has recognized that *"Piper* suggests that the district court should [ ] consider the impact of choice-of-law problems on the forum, particularly since the need to apply foreign law points toward dismissal."  Lacey, 862 F.3d at 48.  Although there is no choice of law issue with respect to the warranty agreement in this matter, a prospective choice of law conflict may arise concerning Plaintiff Yang, a foreigner and non-signatory to the contract of sale or warranty agreement.  A Kentucky forum better serves to avoid any potential conflict or choice of law issues that may arise.

Therefore, public interest factors favor a transfer of venue to the Western District of Kentucky.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to transfer is **granted** and Defendant's motion to dismiss is **denied** as moot**.** An appropriate Order accompanies this Opinion.

S/Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:        July 21 ,  2010
Original:     Clerk
cc:           All Counsel of Record
              Hon. J.A. Dickson, U.S.M.J.
              File